# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALIX PHARMACEUTICALS, INC., SALIX PHARMACEUTICALS, LTD., ALFASIGMA S.P.A. and BAUSCH HEALTH IRELAND LTD., <br><br> Plaintiffs, <br><br> v. <br><br> ZYDUS PHARMACEUTICALS (USA) Inc. and ZYDUS LIFESCIENCES LIMITED, <br><br> Defendants | Case No.: 1:24-cv-9512 <br><br> *Document Filed Electronically* |

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO COMPEL**

**I.      INTRODUCTION**

Fact discovery ends on July 18, 2025, less than three weeks away. Despite this looming deadline, Defendants Zydus Pharmaceuticals (USA) Inc. and Zydus Lifesciences Limited (collectively, "Zydus") have refused to (1) identify corporate designees and deposition dates for any topic in Plaintiffs' Notice of Rule 30(b)(6) Deposition, served on May 6, 2025; and (2) produce any documents responsive to Plaintiffs' Requests for Production Nos. 11, 21, and 23, served on February 10, 2025.

As a result, Plaintiffs Salix Pharmaceuticals, Inc., Salix Pharmaceuticals, Ltd., Alfasigma S.p.A, and Bausch Health Ireland, Ltd. (collectively, "Plaintiffs") file this Motion to Compel. Plaintiffs have repeatedly attempted to resolve these issues with Zydus without burdening the Court, but to no avail. Plaintiffs therefore request this Court to intervene and order Zydus to immediately:

- Identify its corporate designees and provide deposition dates for the agreed-to Rule 30(b)(6) topics; and
- Produce documents responsive to Plaintiffs' Requests for Production ("RFP") Nos. 11, 21, and 23. Ex. 1 (Defs.' Resps. and Objs. to Pls.' Requests for Production (Nos. 1-76)).

**II.     ARGUMENT**

   **A.      Zydus Must Identify Its Rule 30(b)(6) Witnesses And Deposition Dates**.

Plaintiffs served their 30(b)(6) Notice to Zydus on May 6, 2025—almost two months ago. After receiving no response from Zydus for over a month, Plaintiffs requested the names of Zydus's corporate designees from its counsel on June 10th, and again on June 13th. Ex. 2 (S. Lo Email to Zydus's Counsel (Jun. 10, 2025)); Ex. 3 (S. Lo Email to Zydus's Counsel (Jun. 13, 2025)). Counsel for Zydus responded on June 13th noting for the *first time* it intended to serve objections to Plaintiffs' 30(b)(6) Notice. On June 17, 2025, Zydus served its objections and agreed to provide

2

witnesses for only some topics. Ex. 4 (Defs.' Resps. and Objs. To Pls.' Notice of Deposition Under Rule 30(b)(6)). However, Zydus has yet to identify the witnesses even for those agreed-to topics or provide dates for those depositions. *See id.*

The parties met and conferred on June 27, 2025 to discuss, among other issues, Zydus's designation of corporate witnesses. Zydus's counsel refused to provide a date certain when Zydus would identify its witnesses and associated Rule 30(b)(6) topics. Plaintiffs' counsel tried to resolve this issue *again* without burdening the Court, by requesting this information by Monday, June 30. Ex. 5 (M. Doukas Email to Zydus's Counsel (Jun. 27, 2025)). Since Zydus has failed to do so, Plaintiffs are left with no choice but to seek relief from the Court. Zydus's continued refusal to identify corporate designees and deposition dates unfairly prejudices Plaintiffs' ability to prepare their case given the imminent close of fact discovery.[1] As such, Plaintiffs respectfully request the Court compel Zydus to immediately identify its corporate witnesses for the agreed-to topics and provide deposition dates.[2]

---

[1] On the meet and confer, Zydus's counsel raised that Plaintiffs had not yet identified its corporate designees responsive to Consolidated Defendants' Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6). Despite receiving Defendants' 30(b)(6) notice less than a month ago on June 11, Plaintiffs provided their Objections and Responses on June 27 and their corporate designees and assigned topics to Defendants on June 30. Plaintiffs had previously provided dates for Defendants' 30(b)(1) notices on June 20 and June 23. *See* Exs. 6, 7 (S. Lo Emails to Zydus's Counsel (Jun. 20 and 23, 2025)). Of note, other Defendants similarly have failed to provide witness names and dates. Plaintiffs are hopeful a ruling from the Court on this Motion will provide guidance on this issue for all Defendants.

[2] Zydus also refuses to produce witnesses on eight of Plaintiffs' 30(b)(6) topics, each of which seek information relevant to Plaintiffs' case. Following the parties' June 27th meet and confer, Plaintiffs attempted to resolve the parties' disputes and avoid burdening the Court, by narrowing the scope of six of those topics and are awaiting Zydus's response.

3

### B. Zydus Must Provide Documents In Response To Plaintiffs' RFP Nos. 11, 21, and 23.

Zydus also has failed to produce documents responsive to several of Plaintiffs' RFPs, which it received over four months ago and are highly relevant to multiple issues in this case—including intent to induce infringement and secondary considerations of non-obviousness.

**RFP No. 11** requests "[d]ocuments, communications, and things concerning your decision to seek FDA approval for Zydus's ANDA Product." On March 19, 2025, Zydus agreed to "produce non-privileged documents, if any, that are reasonably related to Zydus's business decision to file ANDA No. 218650 located after a reasonable search." To date, Zydus has made no such production. Documents relating to Zydus's decision to pursue the ANDA are directly relevant to its intent to induce infringement. An order compelling production is therefore appropriate.

**RFP No. 21** requests "[d]ocuments, communications, and things concerning the market or potential market for Zydus's ANDA Product." Similarly, **RFP No. 23** requests "[d]ocuments communications, and things concerning any estimate by or for you regarding sales or demand for Zydus's ANDA Product." Documents responsive to these requests are directly relevant to Plaintiffs' contentions regarding the secondary consideration of commercial success. *See e.g., J.T. Eaton & Co. v. Atl. Paste & Glue Co.*, 106 F.3d 1563, 1571 (Fed. Cir. 1997) ("When a patentee can demonstrate commercial success, usually shown by significant sales in a relevant market, and that the successful product is the invention disclosed and claimed in the patent, it is presumed that the commercial success is due to the patented invention."); *Orion Corp v. Sun Pharm. Indus.*, No. 07-5436, 2010 WL 686545, at *3-4, 8 (D.N.J. Feb. 22, 2010) (compelling the production of documents concerning net sales projections and market overview due to their relevance and likelihood of leading to admissible evidence in relation to commercial success); *Gambro Lundia*

*AB v. Baxter Healthcare Corp.*, 110 F.3d 1573, 1579 (Fed. Cir. 1997) (relying on sales information to show commercial success).

Zydus's refusal to timely produce documents responsive to these highly relevant RFPs is unjustified and unfairly prejudicial to Plaintiffs. Plaintiffs are entitled to documents relating to the nature of the infringement and Zydus's invalidity allegations. The Court's intervention is therefore appropriate here.[3]

### III.     CONCLUSION

Accordingly, this Court should order Zydus to (i) immediately identify 30(b)(6) witnesses for the agreed-to topics and provide deposition dates; and (ii) immediately produce documents responsive to RFPs Nos. 11, 21 and 23.

---

[3] Other Defendants also have failed to produce documents responsive to Plaintiffs' RFPs. As discussed, Plaintiffs are hopeful a ruling from the Court likewise will provide guidance on this issue.

Dated:  June 30, 2025

Respectfully submitted,

By: /s/ *Harvey Bartle IV*
Harvey Bartle IV
(NJ ID No. 028792003)
**MORGAN, LEWIS & BOCKIUS LLP**
**(A PENNSYLVANIA LIMITED LIABILITY PARTNERSHIP)**
502 Carnegie Center
Princeton, NJ 08540-6241
Phone: (609) 919-6600
harvey.bartle@morganlewis.com

OF COUNSEL
Michael J. Abernathy
Wan-Shon Lo
Maria Doukas
**MORGAN, LEWIS & BOCKIUS LLP**
110 North Wacker Drive
Chicago, IL 60606-1511
Phone: (312) 324-1000

Margaret A. McGreal
**MORGAN, LEWIS & BOCKIUS LLP**
2222 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5000

*Attorneys for Plaintiffs Salix Pharmaceuticals, Inc., Salix Pharmaceuticals, Ltd., and Bausch Health Ireland Ltd.*