# Exhibit 4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| SALIX PHARMACEUTICALS, INC., SALIX PHARMACEUTICALS, LTD., ALFASIGMA S.P.A. and BAUSCH HEALTH IRELAND LTD.,<br><br>*Plaintiffs*,<br><br>v.<br><br>ZYDUS PHARMACEUTICALS (USA) INC. and ZYDUS LIFESCIENCES LIMITED,<br>*Defendants*. | Civil Action No.: 1:24-9512 (JFM) |

**ZYDUS PHARMACEUTICALS (USA) INC. AND ZYDUS LIFESCIENCES LIMITED'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' NOTICE OF DEPOSITION OF DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

Zydus Pharmaceuticals (USA) Inc. and Zydus Lifesciences Limited (collectively, "Zydus"), in accordance with Rules 26 and 30 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of New Jersey ("Local Rules"), object and respond to Salix Pharmaceuticals, Inc., Salix Pharmaceuticals, Ltd., Alfasigma S.p.A., and Bausch Health Ireland Ltd.'s (collectively, "Plaintiffs") Notice of Deposition of Defendants Pursuant to Federal Rule of Civil Procedure 30(b)(6), served on May 6, 2025, as follows:

**GENERAL OBJECTIONS**

1.      Zydus objects to Plaintiffs' proposed time and location of the deposition.  Zydus will produce its Rule 30(b)(6) witness(es) to testify, subject to Zydus's objections, at a mutually agreeable date, time, and location.  Each Rule 30(b)(6) deposition shall last no more than seven (7) hours.

2.     Zydus objects to the statement that the deposition "will continue from day to day until completed" as in violation of the Federal Rules of Civil Procedure and any applicable Local Rules.

3.     Zydus objects to the statement that Zydus "shall designate one or more officers, directors, or other knowledgeable persons who consent to testify" as overbroad, unduly burdensome, and seeking to impose upon Zydus obligations exceeding those authorized by the Federal Rules of Civil Procedure and any applicable Local Rules and court orders.

4.     Zydus objects to each Topic to the extent it seeks testimony protected by the attorney-client privilege, the work product doctrine, the joint-defense or common-interest privileges, or any applicable privilege or immunity recognized by a domestic or foreign tribunal.

5.     Zydus objects to each Topic to the extent it seeks to obtain testimony that is neither relevant to any claim or defense in this litigation nor proportional to the needs of this case and therefore seeks discovery beyond the scope permitted under Federal Rule of Civil Procedure 26(b)(1).

6.     Zydus objects to each Topic to the extent it seeks to obtain testimony beyond matters known or reasonably available to Zydus or concerning documents that are not within Zydus's possession, custody, or control in violation of Federal Rules of Civil Procedure 26(a) and 30(b)(6).

7.     Zydus objects to each Topic to the extent it fails to describe with reasonable particularity the matters for examination in violation of Federal Rule of Civil Procedure 30(b)(6).

8.     Zydus objects to each Topic to the extent it requires more than reasonable inquiry and preparation.

9.     Zydus objects to each Topic to the extent it is unreasonably cumulative or duplicative of other discovery taken in this case or calls for discovery that is more readily available through less burdensome and less expensive means, including but not limited to interrogatories.

10.     Zydus objects to each Topic to the extent it seeks expert discovery.

11.     Zydus objects to each Topic to the extent it seeks disclosure of information in violation of the legal or contractual obligations of Zydus to third parties.

12.     Zydus objects to each Topic to the extent it seeks information on any product(s) that is/are not the subject of ANDA No. 218650.

13.     To the extent Plaintiffs notice for a personal deposition any witness who will also be designated as a Rule 30(b)(6) witness, Zydus will produce the witness only once for deposition.

14.     Nothing in Zydus's responses to the Topics should be construed as a waiver of any of Zydus's rights or objections that otherwise might be available to Zydus, nor should Zydus's responses be deemed as an admission of relevancy, materiality, or admissibility into evidence of the Topic or testimony provided in response to the Topic.

## OBJECTIONS TO DEFINITIONS

1.     Zydus objects to all of Plaintiffs' definitions to the extent that they are overbroad, unduly burdensome, and seek documents and information that are neither relevant to any party's claim or defense in this litigation nor proportional to the needs of the case.  Zydus further objects to the definitions to the extent that they seek to impose upon Zydus obligations greater than those authorized by the Federal Rules of Civil Procedure, including but not limited to Rules 26, 30, 33, and 34, and any applicable Local Rules and court orders.

2.      Zydus objects to all of the definitions to the extent that they: (1) change the common meaning of the English language with regard to any word or phrase, (2) alter the scope of discovery under the Federal Rules of Civil Procedure, (3) define terms differently than such terms are defined under the Federal Rules of Civil Procedure and/or the common law, and/or (4) exceed the requirements of the Federal Rules of Civil Procedure, Local Rules, other applicable rules, or applicable precedent or court order.  Zydus also objects to all of the definitions to the extent that they are overbroad, argumentative, prejudicial, improper, incorrect, vague, and/or ambiguous.

3.      Zydus objects to the definition of "Zydus Pharmaceuticals (USA) Inc." as overbroad, unduly burdensome, and seeking documents and information that are neither relevant to the claims or defenses of any party nor proportional to the needs of this case, at least with respect to "all officers, directors, employees, partners, members, owners, agents, representatives, attorneys, and any other person under the control of Zydus Pharmaceuticals (USA) Inc., including all parents, divisions, subsidiaries, affiliates, corporate predecessors, and successors of Zydus Pharmaceuticals (USA) Inc. whether wholly or partially owned."  Zydus further objects to this definition as purporting to impose upon Zydus an obligation to collect and produce information and documents outside of Zydus's possession, custody, or control, at least with respect to third parties.  Zydus further objects to this definition to the extent it seeks privileged information.

4.      Zydus objects to the definition of "Zydus Lifesciences Limited" as overbroad, unduly burdensome, and seeking documents and information that are neither relevant to the claims or defenses of any party nor proportional to the needs of this case, at least with respect to "all officers, directors, employees, partners, members, owners, agents, representatives, attorneys, and any other person under the control of Zydus Lifesciences Limited, including all parents divisions, subsidiaries, affiliates, corporate predecessors, and successors of Zydus Lifesciences

Limited, whether wholly or partially owned." Zydus further objects to this definition as purporting to impose upon Zydus an obligation to collect and produce information and documents outside of Zydus's possession, custody, or control, at least with respect to third parties. Zydus further objects to this definition to the extent it seeks privileged information.

5.      Zydus objects to the definition of "ANDA" as overbroad, unduly burdensome, and seeking documents or information that are neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "all amendments, supplements, attachments, and additions thereto, without restriction to date." Zydus further objects to this definition to the extent it attempts to impose obligations that are inconsistent with or exceed the requirements of Rules 26, 30, 33, and 34 of the Federal Rules of Civil Procedure, any applicable Local Rules, any other applicable rules, precedents, or court orders, or any agreements entered into by the parties.

6.      Zydus objects to the definition of "Zydus's ANDA" as overbroad, unduly burdensome, and seeking documents or information that are neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "all amendments, supplements, attachments, and additions thereto, without restriction to date." Zydus further objects to this definition to the extent it attempts to impose obligations that are inconsistent with or exceed the requirements of Rules 26, 30, 33, and 34 of the Federal Rules of Civil Procedure, any applicable Local Rules, any other applicable rules, precedents, or court orders, or any agreements entered into by the parties.

7.      Zydus objects to the definition of "Patent Certification" as overbroad, unduly burdensome, and seeking documents or information that are neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "any certification,

pursuant to 21 U.S.C. § 355(j)." Zydus objects to this definition as vague and ambiguous, at least with respect to "any certification, pursuant to 21 U.S.C. § 355(j)."

8. Zydus objects to the definition of "Notice Letter" as overbroad, unduly burdensome, and seeking documents or information that are neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "the letter(s) from Defendants notifying Plaintiffs of a Patent Certification concerning Zydus's ANDA." Zydus objects to this definition as vague and ambiguous, at least with respect to "the letter(s) from Defendants notifying Plaintiffs of a Patent Certification concerning Zydus's ANDA."

9. Zydus objects to the definition of "Prior Art" as overbroad, unduly burdensome, and seeking documents or information that are neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "any publication, disclosure, event, invention, sale, advertisement, or other thing falling within the bounds of pre-AIA and post-AIA 35 U.S.C. §§ 102 and/or 103." Zydus objects to this definition as vague and ambiguous, at least with respect to "or other thing falling within the bounds of pre-AIA and post-AIA 35 U.S.C. §§ 102 and/or 103."

10. Zydus objects to the definition of "Document" as overbroad, unduly burdensome, and seeking documents or information that are neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "including, but not limited to, electronically stored information and all tangible embodiments, manifestations, or evidence of a Communication." Zydus further objects to this definition as vague and ambiguous, at least with respect to "the comprehensive meaning set forth in Rule 34 of the Federal Rules of Civil Procedure" and "all tangible embodiments, manifestations, or evidence of a Communication." Zydus further objects to this definition to the extent it attempts to impose obligations that are

inconsistent with or exceed the requirements of Rules 26, 30, 33, and 34 of the Federal Rules of Civil Procedure, any applicable Local Rules, any other applicable rules, precedents, or court orders, or any agreements entered into by the parties.

11.    Zydus objects to the definition of "Communication" as overbroad, unduly burdensome, and seeking documents or information that are neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "any and all forms of information transmission or storage,, including, but not limited to, written, oral, electronic, telephonic, or videographic inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, comments, and interviews, and all Documents (as defined above) related to such communications." Zydus further objects to this definition as vague and ambiguous, at least with respect to "information transmission or storage" and "all Documents (as defined above) related." Zydus further objects to this definition to the extent it attempts to impose obligations that are inconsistent with or exceed the requirements of Rules 26, 30, 33, and 34 of the Federal Rules of Civil Procedure, any applicable Local Rules, any other applicable rules, precedents, or court orders, or any agreements entered into by the parties.

12.    Zydus objects to the definition of "Thing" as overbroad, unduly burdensome, and seeking documents and information that are neither relevant to the claims or defenses of any party, nor proportional to the needs of this case, at least with respect to "any kind of sample, model, article, device, apparatus, physical specimen, or other tangible item." Zydus further objects to this definition as vague and ambiguous, at least with respect to "the comprehensive meaning set forth in Rule 34 of the Federal Rules of Civil Procedure" and "any other tangible item." Zydus objects to the definition to the extent it imposes obligations inconsistent with and/or exceeds the

requirements of Federal Rules of Civil Procedure 26 and 34, any applicable Local Rules, any court orders, or any agreements entered into by the parties.

13.    Zydus objects to the definition of "'identify' in the case of individuals, organizations, or firms" as overbroad, unduly burdensome, and seeking documents and information that are neither relevant to the claims or defenses of any party, nor proportional to the needs of this case, at least with respect to "the names, current business, addresses, and phone numbers" and "the current residential address, or if unknown, the last known residential address, and business positions and titles."

14.    Zydus objects to the definition of "person" as overly broad and unduly burdensome, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of this case, at least with respect to "any business, legal, or government entity or organization, including divisions, subsidiaries, departments, and other units therein, and includes any officers, agents or employees thereof."  Zydus further objects to this definition as purporting to impose upon Zydus an obligation to collect and produce information and documents outside of Zydus's possession, custody, or control, at least with respect to third parties.

15.    Zydus objects to the definition of "concerning," "relating," and "relate" as overbroad, unduly burdensome, and seeking documents or information that are neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "comprising, pertaining, describing, referring, evidencing, discussing, showing, supporting, contradicting, refuting, constituting, embodying, containing, reflecting, identifying, summarizing, or reporting, or in any way logically or factually connected with the matter discussed."  Zydus further objects to this definition as vague and ambiguous, at least with respect to "in any way logistically or factually connected with the matter discussed."  Zydus further objects to this definition as purporting to

8

impose upon Zydus an obligation to collect and produce information and documents outside of Zydus's possession, custody, or control, at least with respect to third parties.

16.    Zydus objects to the definition of "possession," "custody," and "control" as overbroad, unduly burdensome, and seeking documents or information that are neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "a comprehensive sense to refer to possession, custody, or control by any one or a combination of the following persons or organizations: a. Defendants; b. Any corporation or entity controlled by or affiliated with Defendants or controlling Defendants as their wholly-owned subsidiary; c. Any principal, officer, employee, agent, representative, or a consultant of or for Defendants or any such controlled or affiliated corporation or entity; and d. Counsel for Defendants and any such controlled or affiliated corporation or entity." Zydus further objects to these definitions to the extent they impose obligations inconsistent with and/or exceed the requirements of Federal Rules of Civil Procedure 26 and 34, any applicable Local Rules, any court orders, or any agreements entered into by the parties. Zydus further objects to these definitions as purporting to impose upon Zydus an obligation to collect and produce information and documents outside of Zydus's possession, custody, or control, at least with respect to third parties.

## OBJECTIONS TO INSTRUCTIONS

1.    Zydus objects to all Instructions to the extent that they are overbroad, unduly burdensome, or seek documents or information that are neither relevant to any party's claim or defense in this litigation nor proportional to the needs of the case. Zydus further objects to the Instructions to the extent they seek to impose upon Zydus obligations greater than those authorized by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rule, precedent, or court order.

2.      Zydus objects to the definitions "and" and "or" to the extent they impose obligations inconsistent with and/or exceed the requirements of Federal Rules of Civil Procedure 26, 30, and 34, any applicable Local Rules, any court orders, or any agreements entered into by the parties.

3.      Zydus objects to Instruction No. 7 as overbroad, unduly burdensome, and to the extent that it seeks to impose upon Zydus obligations that exceed the Federal Rules of Civil Procedure 26 and 30. Zydus will set forth its responses and objections in conformance with the Federal Rules.

4.      Zydus objects to Instruction No. 8 as overly broad, unduly burdensome, and to the extent that it seeks to impose upon Zydus obligations that exceed at least Federal Rule of Civil Procedure 26(b)(5).  If Zydus withholds documents and information based on a claim of attorney-client privilege, work product immunity, or any other privilege or immunity, Zydus will make the claim in conformance with the Federal Rules.

## <u>OBJECTIONS AND RESPONSES TO TOPICS</u>

Zydus incorporates its General Objections, Objections to Definitions, and Objections to Instructions into each and every one of its responses to each of the Topics.  Zydus's response to each and every one of the Topics is subject to, and not a waiver of, Zydus's General Objections, Objections to Definitions, and Objections to Instructions.

## <u>TOPIC NO. 1:</u>

The preparation and contents of Zydus's ANDA.

**RESPONSE:**  Zydus objects to this Topic as overbroad, unduly burdensome, and seeking testimony that is neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "[t]he preparation and contents of Zydus's ANDA."

Zydus further objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination, at least with respect to "[t]he preparation and contents." Zydus further objects to this Topic to the extent it seeks communications protected by the attorney-client privilege, work-product doctrine, the joint-defense or common-interest privileges, or any other applicable privileges or immunities. Zydus further objects to this Topic as seeking testimony that is unreasonably cumulative or duplicative and can be obtained from some other source that is more convenient, less burdensome, or less expensive. Zydus further objects to this Topic to the extent it is cumulative of information and documents that have already been provided to Plaintiffs. Zydus further objects to this Topic on the ground that it seeks testimony duplicative of that sought in at least Topic Nos. 2, 4-6, and 22.

Subject to and without waiving any of its general or specific objections, Zydus is willing to meet and confer concerning a topic for deposition that is more narrowly tailored to seek relevant testimony and that is proportional to the needs of the case.

**TOPIC NO. 2:**

The research, development, testing, and contemplated manufacture of the product described in Zydus's ANDA.

**RESPONSE:** Zydus objects to this Topic as overbroad, unduly burdensome, and seeking testimony that is neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "[t]he research, development, testing, and contemplated manufacture of the product described in Zydus's ANDA." Zydus further objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination, at least with respect to "[t]he research, development, testing, and contemplated manufacture." Zydus further objects to this Topic to the extent it seeks communications protected by the attorney-client privilege, work-product doctrine, the joint-defense or common-

11

interest privileges, or any other applicable privileges or immunities. Zydus further objects to this Topic as seeking testimony that is unreasonably cumulative or duplicative and can be obtained from some other source that is more convenient, less burdensome, or less expensive. Zydus further objects to this Topic to the extent it is cumulative of information and documents that have already been provided to Plaintiffs. Zydus further objects to this Topic on the ground that it seeks testimony duplicative of that sought in at least Topic Nos. 1, 4-6, and 22.

Subject to and without waiving any of its general or specific objections, Zydus is willing to meet and confer concerning a topic for deposition that is more narrowly tailored to seek relevant testimony and that is proportional to the needs of the case.

**TOPIC NO. 3:**

The roles and responsibilities of all persons involved in the preparation and filing of Zydus's ANDA (including supplements and associated correspondence) with FDA.

**RESPONSE:** Zydus objects to this Topic as overbroad, unduly burdensome, and seeking testimony that is neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "[t]he roles and responsibilities of all persons involved in the preparation and filing of Zydus's ANDA (including supplements and associated correspondence) with FDA." Zydus further objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination, at least with respect to "[t]he roles and responsibilities of all persons" and "involved in the preparation and filing of Zydus's ANDA." Zydus further objects to this Topic to the extent it seeks communications protected by the attorney-client privilege, work-product doctrine, the joint-defense or common-interest privileges, or any other applicable privileges or immunities. Zydus further objects to this Topic to the extent it seeks testimony that is unreasonably cumulative or duplicative and can be obtained from some other source that is more convenient, less burdensome, or less expensive.

Zydus further objects to this Topic to the extent it is cumulative of information and documents that have already been provided to Plaintiffs.

**TOPIC NO. 4:**

The functions, properties, chemical or physical characteristics of each ingredient used in Zydus's ANDA Product, including the testing and analyses of each ingredient.

**RESPONSE:** Zydus objects to this Topic as overbroad, unduly burdensome, and seeking testimony that is neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "[t]he functions, properties, chemical or physical characteristics of each ingredient used in Zydus's ANDA Product" and "including the testing and analyses of each ingredient." Zydus further objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination, at least with respect to "[t]he functions, properties, chemical or physical characteristics of each ingredient" and "the testing and analyses of each ingredient." Zydus further objects to this Topic to the extent it seeks communications protected by the attorney-client privilege, work-product doctrine, the joint-defense or common-interest privileges, or any other applicable privileges or immunities. Zydus further objects to this Topic to the extent it is cumulative of testimony and documents that have already been provided to Plaintiffs. Zydus further objects to this Topic on the ground that it seeks testimony duplicative of that sought in at least Topic Nos. 1, 2, 5, and 6.

Subject to and without waiving any of its general or specific objections, Zydus is willing to meet and confer concerning a topic for deposition that is more narrowly tailored to seek relevant testimony and that is proportional to the needs of the case.

**TOPIC NO. 5:**

The facts and circumstances surrounding Defendants' formulation process, design process, and any testing performed of Zydus's ANDA Product.

**RESPONSE:** Zydus objects to this Topic as overbroad, unduly burdensome, and seeking testimony that is neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "[t]he facts and circumstances surrounding Defendants' formulation process, design process" and "any testing performed of Zydus's ANDA Product." Zydus further objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination, at least with respect to "[t]he facts and circumstances surrounding Defendants' formulation process," "design process" and "any testing performed." Zydus further objects to this Topic to the extent it seeks communications protected by the attorney-client privilege, work-product doctrine, the joint-defense or common-interest privileges, or any other applicable privileges or immunities. Zydus further objects to this Topic to the extent it seeks testimony that is unreasonably cumulative or duplicative and can be obtained from some other source that is more convenient, less burdensome, or less expensive. Zydus further objects to this Topic to the extent it is cumulative of information and documents that have already been provided to Plaintiffs. Zydus further objects to this Topic on the ground that it seeks testimony duplicative of that sought in at least Topic Nos. 1, 2, 4, 6, and 22.

Subject to and without waiving any of its general or specific objections, Zydus is willing to meet and confer concerning a topic for deposition that is more narrowly tailored to seek relevant testimony and that is proportional to the needs of the case.

**TOPIC NO. 6:**

The facts and circumstances surrounding Defendants' testing of rifaximin, including but not limited to, testing of the polymorphic form of Defendants' rifaximin active ingredient upon receipt from a third party, through the manufacturing process, and in the final dosage form, as applicable.

**RESPONSE:** Zydus objects to this Topic as overbroad, unduly burdensome, and seeking testimony that is neither relevant to any party's claims or defenses nor proportional to

14

the needs of the case, at least with respect to "[t]he facts and circumstances surrounding Defendants' testing of rifaximin," and "testing of the polymorphic form of Defendants' rifaximin active ingredient upon receipt from a third party, through the manufacturing process, and in the final dosage form, as applicable." Zydus further objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination, at least with respect to "[t]he facts and circumstances surrounding Defendants' testing of rifaximin," "through the manufacturing process," and "as applicable." Zydus further objects to this Topic to the extent it seeks communications protected by the attorney-client privilege, work-product doctrine, the joint-defense or common-interest privileges, or any other applicable privileges or immunities. Zydus further objects to this Topic to the extent it seeks testimony that is unreasonably cumulative or duplicative and can be obtained from some other source that is more convenient, less burdensome, or less expensive. Zydus further objects to this Topic to the extent it is cumulative of information and documents that have already been provided to Plaintiffs. Zydus further objects to this Topic on the ground that it seeks testimony duplicative of that sought in at least Topic Nos. 1, 2, 4, and 5.

Subject to and without waiving any of its objections, Zydus will provide a witness to testify in a reasonable level of detail regarding Zydus's testing of the polymorphic form of the drug substance in the final product described in ANDA No. 218650, if any.

**TOPIC NO. 7:**

The facts and circumstances surrounding Defendants' decision to develop and seek FDA approval of a generic version of Xifaxan®.

**RESPONSE:** Zydus objects to this Topic as overbroad, unduly burdensome, and seeking testimony that is neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "[t]he facts and circumstances surrounding

Defendants' decision to develop and seek FDA approval of a generic version of Xifaxan®."

Zydus further objects to this Topic as vague, ambiguous, and failing to describe with reasonable

particularity the matters for examination, at least with respect to "[t]he facts and circumstances

surrounding Defendants' decision to develop."  Zydus further objects to this Topic to the extent

it seeks communications protected by the attorney-client privilege, work-product doctrine, the

joint-defense or common-interest privileges, or any other applicable privileges or immunities.

Zydus further objects to this Topic to the extent it seeks testimony that is unreasonably

cumulative or duplicative and can be obtained from some other source that is more convenient,

less burdensome, or less expensive.  Zydus further objects to this Topic on the basis that the

mere filing of an ANDA, with or without a Paragraph IV Certification, cannot supply the basis

for a finding of willful infringement.  *Glaxo Grp., Ltd. v. Apotex, Inc.*, 376 F.3d 1339, 1350 (Fed.

Cir. 2004).  Zydus further objects to this Topic on the ground that it seeks testimony duplicative

of that sought in at least Topic Nos. 7 and 8.

Subject to and without waiving any of its general or specific objections, Zydus will provide

one or more witnesses to testify in a reasonable level of detail regarding the business decision to

develop the final product described in ANDA No. 218650.

**TOPIC NO. 8:**

Defendants' consideration, study, or analysis of the potential market and/or market share
for Zydus's ANDA Product or any generic version of Xifaxan®.

**RESPONSE:**  Zydus objects to this Topic as overbroad, unduly burdensome, and

seeking testimony that is neither relevant to any party's claims or defenses nor proportional to

the needs of the case, at least with respect to "Defendants' consideration, study, or analysis of the

potential market and/or market share" and "for Zydus's ANDA Product or any generic version of

Xifaxan®."  Zydus further objects to this Topic as vague, ambiguous, and failing to describe with

16

reasonable particularity the matters for examination, at least with respect to "Defendants' consideration, study, or analysis" and "any generic version of Xifaxan®." Zydus further objects to this Topic to the extent it seeks communications protected by the attorney-client privilege, work-product doctrine, the joint-defense or common-interest privileges, or any other applicable privileges or immunities. Zydus further objects to this Topic to the extent it seeks testimony that is unreasonably cumulative or duplicative and can be obtained from some other source that is more convenient, less burdensome, or less expensive. Zydus further objects to this Topic to the extent it is cumulative of information and documents that have already been provided to Plaintiffs. Zydus further objects to this Topic to the extent it seeks information on any product(s) that is/are not the subject of ANDA No. 218650. Zydus further objects to this Topic on the ground that it seeks testimony duplicative of that sought in at least Topic Nos. 7 and 9.

Subject to and without waiving any of its objections, Zydus will provide a witness to testify in a reasonable level of detail regarding non-privileged forecasts prepared by Zydus for the final product described in ANDA No. 218650, if any.

**TOPIC NO. 9:**

The projected annual sales and profits, in dollars, of Zydus's ANDA Product in the United States.

**RESPONSE:** Zydus objects to this Topic as overbroad, unduly burdensome, and seeking testimony that is neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "[t]he projected annual sales and profits, in dollars, of Zydus's ANDA Product in the United States." Zydus further objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination, at least with respect to "[t]he projected annual sales and profits." Zydus further objects to this Topic to the extent it seeks communications protected by the attorney-client privilege, work-

product doctrine, the joint-defense or common-interest privileges, or any other applicable privileges or immunities. Zydus further objects to this Topic to the extent it seeks testimony that is unreasonably cumulative or duplicative and can be obtained from some other source that is more convenient, less burdensome, or less expensive. Zydus further objects to this Topic to the extent it is cumulative of information and documents that have already been provided to Plaintiffs. Zydus further objects to this Topic on the ground that it seeks testimony duplicative of that sought in at least Topic Nos. 7 and 8.

Subject to and without waiving any of its objections, Zydus will provide a witness to testify in a reasonable level of detail regarding non-privileged forecasts prepared by Zydus for the final product described in ANDA No. 218650, if any.

**TOPIC NO. 10:**

Defendants' consideration, study, or analysis of the market for Xifaxan®, whether for all FDA-approved indications or a subset of indications.

**RESPONSE:** Zydus objects to this Topic as overbroad, unduly burdensome, and seeking testimony that is neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "Defendants' consideration, study, or analysis of the market for Xifaxan®, whether for all FDA-approved indications or a subset of indications." Zydus further objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination, at least with respect to "Defendants' consideration, study, or analysis" and "for all FDA-approved indications or a subset of indications." Zydus further objects to this Topic to the extent it seeks communications protected by the attorney-client privilege, work-product doctrine, the joint-defense or common-interest privileges, or any other applicable privileges or immunities. Zydus further objects to this Topic to the extent it seeks testimony that is unreasonably cumulative or duplicative and can be obtained from some

other source that is more convenient, less burdensome, or less expensive.  Zydus further objects to this Topic to the extent it is cumulative of information and documents that have already been provided to Plaintiffs.

Subject to and without waiving any of its objections, Zydus will provide a witness to testify in a reasonable level of detail regarding non-privileged forecasts prepared by Zydus for Xifaxan®, if any.

## TOPIC NO. 11:

Communications between Defendants and FDA regarding Zydus's ANDA.

**RESPONSE:**  Zydus objects to this Topic as overbroad, unduly burdensome, and seeking testimony that is neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "Communications between Defendants and FDA regarding Zydus's ANDA."  Zydus further objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination, at least with respect to "regarding Zydus's ANDA."  Zydus further objects to this Topic to the extent it seeks communications protected by the attorney-client privilege, work-product doctrine, the joint-defense or common-interest privileges, or any other applicable privileges or immunities.  Zydus further objects to this Topic to the extent it seeks testimony that is unreasonably cumulative or duplicative and can be obtained from some other source that is more convenient, less burdensome, or less expensive.  Zydus further objects to this Topic to the extent it is cumulative of information and documents that have already been provided to Plaintiffs.

Subject to and without waiving any of its general or specific objections, Zydus is willing to meet and confer concerning a topic for deposition that is more narrowly tailored to seek relevant testimony and that is proportional to the needs of the case.

**TOPIC NO. 12:**

Communications between and/or among Defendants' employees and/or contractors regarding polymorphic forms of rifaximin, including selection of a form for Zydus's ANDA Product and differences or similarities between forms.

**RESPONSE:** Zydus objects to this Topic as overbroad, unduly burdensome, and seeking testimony that is neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "Communications between and/or among Defendants' employees and/or contractors regarding polymorphic forms of rifaximin" and "including selection of a form for Zydus's ANDA Product and differences or similarities between forms." Zydus further objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination, at least with respect to "Communications between and/or among Defendants' employees and/or contractors, "regarding polymorphic forms of rifaximin" and "differences or similarities between forms." Zydus further objects to this Topic to the extent it seeks communications protected by the attorney-client privilege, work-product doctrine, the joint-defense or common-interest privileges, or any other applicable privileges or immunities. Zydus further objects to this Topic to the extent it seeks testimony that is unreasonably cumulative or duplicative and can be obtained from some other source that is more convenient, less burdensome, or less expensive. Zydus further objects to this Topic to the extent it is cumulative of information and documents that have already been provided to Plaintiffs.

**TOPIC NO. 13:**

Communications between and/or among Defendants' employees and/or contractors regarding the safety or efficacy of rifaximin to treat bacterial activity in the gastrointestinal tract.

**RESPONSE:** Zydus objects to this Topic as overbroad, unduly burdensome, and seeking testimony that is neither relevant to any party's claims or defenses nor proportional to the needs

of the case, at least with respect to "Communications between and/or among Defendants'

employees and/or contractors" and "regarding the safety or efficacy of rifaximin to treat bacterial

activity in the gastrointestinal tract." Zydus further objects to this Topic as vague, ambiguous, and

failing to describe with reasonable particularity the matters for examination, at least with respect

to "Communications between and/or among Defendants' employees and/or contractors" and

"regarding the safety or efficacy of rifaximin." Zydus further objects to this Topic to the extent it

seeks communications protected by the attorney-client privilege, work-product doctrine, the joint-

defense or common-interest privileges, or any other applicable privileges or immunities. Zydus

further objects to this Topic to the extent it seeks testimony that is unreasonably cumulative or

duplicative and can be obtained from some other source that is more convenient, less burdensome,

or less expensive. Zydus further objects to this Topic to the extent it is cumulative of information

and documents that have already been provided to Plaintiffs.

## TOPIC NO. 14:

Communications between and/or among Defendants' employees and/or contractors
regarding the safety or efficacy of rifaximin to treat one or more symptoms of irritable bowel
syndrome ("IBS"), or the use of Zydus's ANDA Product to treat IBS or one or more symptoms of
IBS.

**RESPONSE:** Zydus objects to this Topic as overbroad, unduly burdensome, and

seeking testimony that is neither relevant to any party's claims or defenses nor proportional to

the needs of the case, at least with respect to "Communications between and/or among

Defendants' employees and/or contractors," "regarding the safety or efficacy of rifaximin to treat

one or more symptoms of irritable bowel syndrome ('IBS')," and "the use of Zydus's ANDA

Product to treat IBS or one or more symptoms of IBS." Zydus further objects to this Topic as

vague, ambiguous, and failing to describe with reasonable particularity the matters for

examination, at least with respect to "Communications between and/or among Defendants'

employees and/or contractors," "regarding the safety or efficacy of rifaximin," "to treat one or more symptoms of irritable bowel syndrome ('IBS')," "the use of Zydus's ANDA Product," and "to treat IBS or one or more symptoms of IBS."  Zydus further objects to this Topic to the extent it seeks communications protected by the attorney-client privilege, work-product doctrine, the joint-defense or common-interest privileges, or any other applicable privileges or immunities. Zydus further objects to this Topic to the extent it seeks testimony that is unreasonably cumulative or duplicative and can be obtained from some other source that is more convenient, less burdensome, or less expensive.  Zydus further objects to this Topic to the extent it is cumulative of information and documents that have already been provided to Plaintiffs.

**TOPIC NO. 15:**

The factual bases for Defendants' assertion Zydus's ANDA Product does not infringe one or more of the Xifaxan® Patents.

**RESPONSE:**  Zydus objects to this Topic as overbroad, unduly burdensome, and seeking testimony that is neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "[t]he factual bases for Defendants' assertion Zydus's ANDA Product does not infringe one or more of the Xifaxan® Patents."  Zydus further objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination, at least with respect to "[t]he factual bases."  Zydus further objects to this Topic to the extent it seeks communications protected by the attorney-client privilege, work-product doctrine, the joint-defense or common-interest privileges, or any other applicable privileges or immunities.  Zydus further objects to this Topic to the extent it seeks testimony that is unreasonably cumulative or duplicative and can be obtained from some other source that is more convenient, less burdensome, or less expensive.  Zydus further objects to this Topic to the

extent it is cumulative of information and documents that have already been provided to Plaintiffs.  Zydus further objects to this Topic to the extent it seeks contentions.

**TOPIC NO. 16:**

The factual bases for Defendants' statements in its Notice Letter regarding the Xifaxan® Patents or the Zydus's ANDA Product.

**RESPONSE:**  Zydus objects to this Topic as overbroad, unduly burdensome, and seeking testimony that is neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "[t]he factual bases for Defendants' statements in its Notice Letter regarding the Xifaxan® Patents or the Zydus's ANDA Product."  Zydus further objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination, at least with respect to "[t]he factual bases" and "Defendants' statements in its Notice Letter."  Zydus further objects to this Topic to the extent it seeks communications protected by the attorney-client privilege, work-product doctrine, the joint-defense or common-interest privileges, or any other applicable privileges or immunities.  Zydus further objects to this Topic to the extent it seeks testimony that is unreasonably cumulative or duplicative and can be obtained from some other source that is more convenient, less burdensome, or less expensive.  Zydus further objects to this Topic to the extent it is cumulative of information and documents that have already been provided to Plaintiffs.  Zydus further objects to this Topic to the extent it prematurely seeks expert testimony.  Zydus refers Plaintiffs to Zydus's Noninfringement Contentions (dated March 13, 2025).  Zydus further objects to this Topic to the extent it seeks contentions.

**TOPIC NO. 17:**

The factual bases for Defendants' assertion the Xifaxan® Patents are invalid, including any prior art known to Defendants.

**RESPONSE:**  Zydus objects to this Topic as overbroad, unduly burdensome, and

seeking testimony that is neither relevant to any party's claims or defenses nor proportional to

the needs of the case, at least with respect to "[t]he factual bases for Defendants' assertion the

Xifaxan® Patents are invalid" and "including any prior art known to Defendants."  Zydus further

objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity

the matters for examination, at least with respect to "[t]he factual bases" and "any prior art."

Zydus further objects to this Topic to the extent it seeks communications protected by the

attorney-client privilege, work-product doctrine, the joint-defense or common-interest privileges,

or any other applicable privileges or immunities.  Zydus further objects to this Topic to the

extent it seeks testimony that is unreasonably cumulative or duplicative and can be obtained from

some other source that is more convenient, less burdensome, or less expensive.  Zydus further

objects to this Topic to the extent it is cumulative of information and documents that have

already been provided to Plaintiffs.  Zydus refers Plaintiffs to Consolidated Defendants'

Invalidity Contentions (dated March 13, 2025).  Zydus further objects to this Topic to the extent

it seeks contentions.

**TOPIC NO. 18:**

The facts and circumstances surrounding Defendants' decision to submit a statement to FDA under 21 U.S.C. § 355(j)(2)(A)(viii) for U.S. Patent Nos. 8,642,573; 8,741,904; 8,829,017; 8,946,252; 8,969,398; 9,421,195; 9,629,828; 10,314,828; 10,335,397; 10,703,763; and 10,709,694.

**RESPONSE:**  Zydus objects to this Topic as overbroad, unduly burdensome, and

seeking testimony that is neither relevant to any party's claims or defenses nor proportional to

the needs of the case, at least with respect to "[t]he facts and circumstances surrounding

Defendants' decision to submit a statement to FDA under 21 U.S.C. § 355(j)(2)(A)(viii) for U.S.

Patent Nos. 8,642,573; 8,741,904; 8,829,017; 8,946,252; 8,969,398; 9,421,195; 9,629,828;

10,314,828; 10,335,397; 10,703,763; and 10,709,694." Zydus further objects to this Topic as

vague, ambiguous, and failing to describe with reasonable particularity the matters for

examination, at least with respect to "[t]he facts and circumstances surrounding Defendants'

decision to submit." Zydus further objects to this Topic to the extent it seeks communications

protected by the attorney-client privilege, work-product doctrine, the joint-defense or common-

interest privileges, or any other applicable privileges or immunities. Zydus further objects to this

Topic to the extent it seeks testimony that is unreasonably cumulative or duplicative and can be

obtained from some other source that is more convenient, less burdensome, or less expensive.

Zydus further objects to this Topic to the extent it is cumulative of information and documents

that have already been provided to Plaintiffs.

**TOPIC NO. 19:**

The facts and circumstances surrounding Defendants' selection of the polymorphic form
of rifaximin to use in Zydus's ANDA Product.

**RESPONSE:** Zydus objects to this Topic as overbroad, unduly burdensome, and

seeking testimony that is neither relevant to any party's claims or defenses nor proportional to

the needs of the case, at least with respect to "[t]he facts and circumstances surrounding

Defendants' selection of the polymorphic form of rifaximin to use in Zydus's ANDA Product."

Zydus further objects to this Topic as vague, ambiguous, and failing to describe with reasonable

particularity the matters for examination, at least with respect to "[t]he facts and circumstances

surrounding Defendants' selection." Zydus further objects to this Topic to the extent it seeks

communications protected by the attorney-client privilege, work-product doctrine, the joint-

defense or common-interest privileges, or any other applicable privileges or immunities. Zydus

further objects to this Topic to the extent it seeks testimony that is unreasonably cumulative or duplicative and can be obtained from some other source that is more convenient, less burdensome, or less expensive.  Zydus further objects to this Topic to the extent it is cumulative of information and documents that have already been provided to Plaintiffs.

**TOPIC NO. 20:**

The facts and circumstances surrounding Defendants' first awareness of each of the Xifaxan® Patents.

**RESPONSE:**  Zydus objects to this Topic as overbroad, unduly burdensome, and seeking testimony that is neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "[t]he facts and circumstances surrounding Defendants' first awareness of each of the Xifaxan® Patents."  Zydus further objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination, at least with respect to "facts and circumstances" and "first awareness."  Zydus further objects to this Topic to the extent it seeks communications protected by the attorney-client privilege, work-product doctrine, the joint-defense or common-interest privileges, or any other applicable privileges or immunities.  Zydus further objects to this Topic to the extent it seeks testimony that is unreasonably cumulative or duplicative and can be obtained from some other source that is more convenient, less burdensome, or less expensive.  Zydus further objects to this Topic to the extent it is cumulative of information and documents that have already been provided to Plaintiffs.

**TOPIC NO. 21:**

Defendants' proposed, contemplated or actual, advertisement, labeling, publication, promotion, or description of Zydus's ANDA Product, including without limitation any proposed, contemplated or actual package insert, patient instructions, marketing memorandum, promotional materials, sales literature, brochure, catalog, product release, or flyer.

**RESPONSE:**  Zydus objects to this Topic as overbroad, unduly burdensome, and seeking testimony that is neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "Defendants' proposed, contemplated or actual, advertisement, labeling, publication, promotion, or description of Zydus's ANDA Product" and "including without limitation any proposed, contemplated or actual package insert, patient instructions, marketing memorandum, promotional materials, sales literature, brochure, catalog, product release, or flyer."  Zydus further objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination, at least with respect to "Defendants' proposed, contemplated or actual," "advertisement, labeling, publication, promotion, or description," "including without limitation," "any proposed, contemplated or actual," and "package insert, patient instructions, marketing memorandum, promotional materials, sales literature, brochure, catalog, product release, or flyer."  Zydus further objects to this Topic to the extent it seeks communications protected by the attorney-client privilege, work-product doctrine, the joint-defense or common-interest privileges, or any other applicable privileges or immunities.  Zydus further objects to this Topic to the extent it seeks testimony that is unreasonably cumulative or duplicative and can be obtained from some other source that is more convenient, less burdensome, or less expensive.  Zydus further objects to this Topic to the extent it is cumulative of information and documents that have already been provided to Plaintiffs.

Subject to and without waiving any of its objections, Zydus is willing to meet and confer with Plaintiffs regarding the terms of a mutually acceptable stipulation regarding the authenticity of the package insert for the final product described in ANDA No. 218650.

**TOPIC NO. 22:**

Defendants' bioequivalence studies performed on Zydus's ANDA Product, including study design, testing, and results.

**RESPONSE:** Zydus objects to this Topic as overbroad, unduly burdensome, and seeking testimony that is neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "Defendants' bioequivalence studies performed on Zydus's ANDA Product" and "including study design, testing, and results." Zydus further objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination, at least with respect to "including study design, testing, and results." Zydus further objects to this Topic to the extent it seeks communications protected by the attorney-client privilege, work-product doctrine, the joint-defense or common-interest privileges, or any other applicable privileges or immunities. Zydus further objects to this Topic to the extent it seeks testimony that is unreasonably cumulative or duplicative and can be obtained from some other source that is more convenient, less burdensome, or less expensive. Zydus further objects to this Topic to the extent it is cumulative of information and documents that have already been provided to Plaintiffs. Zydus further objects to this Topic on the ground that it seeks testimony duplicative of that sought in at least Topic Nos. 1, 2, and 4-6.

**TOPIC NO. 23:**

The facts and circumstances relating to the analysis or testing on Xifaxan® performed by Defendants or on Defendants' behalf.

**RESPONSE:** Zydus objects to this Topic as overbroad, unduly burdensome, and seeking testimony that is neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "[t]he facts and circumstances relating to the analysis or testing on Xifaxan® performed by Defendants or on Defendants' behalf." Zydus further objects to this Topic as vague, ambiguous, and failing to describe with reasonable

particularity the matters for examination, at least with respect to "[t]he facts and circumstances relating to the analysis or testing."  Zydus further objects to this Topic to the extent it seeks communications protected by the attorney-client privilege, work-product doctrine, the joint-defense or common-interest privileges, or any other applicable privileges or immunities.  Zydus further objects to this Topic to the extent it seeks testimony that is unreasonably cumulative or duplicative and can be obtained from some other source that is more convenient, less burdensome, or less expensive.  Zydus further objects to this Topic to the extent it is cumulative of information and documents that have already been provided Plaintiffs.

**TOPIC NO. 24:**

Defendants' awareness of any praise or approbation of Xifaxan® for the treatment of IBS.

**RESPONSE:**  Zydus objects to this Topic as overbroad, unduly burdensome, and seeking testimony that is neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "Defendants' awareness of any praise or approbation of Xifaxan® for the treatment of IBS."  Zydus further objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination, at least with respect to Defendants' awareness" and "praise or approbation."  Zydus further objects to this Topic to the extent it seeks communications protected by the attorney-client privilege, work-product doctrine, the joint-defense or common-interest privileges, or any other applicable privileges or immunities.  Zydus further objects to this Topic to the extent it seeks testimony that is unreasonably cumulative or duplicative and can be obtained from some other source that is more convenient, less burdensome, or less expensive.  Zydus further objects to this Topic to the extent it is cumulative of information and documents that have already been provided to Plaintiffs.  Zydus refers Plaintiffs to Consolidated Defendants' Invalidity Contentions (dated

29

March 13, 2025).  Zydus further objects to this Topic to the extent it prematurely seeks, and is appropriately the subject matter of, expert discovery.

**TOPIC NO. 25:**

Defendants' efforts to develop rifaximin to treat IBS, including the nature of those efforts, when those efforts began and ended, the individuals involved in those efforts, the money invested in those efforts, the outcome of those efforts, and all documents relating to those efforts, including any decision to discontinue those efforts.

**RESPONSE:** Zydus objects to this Topic as overbroad, unduly burdensome, and seeking testimony that is neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "Defendants' efforts to develop rifaximin to treat IBS," "including the nature of those efforts, when those efforts began and ended, the individuals involved in those efforts, the money invested in those efforts, the outcome of those efforts," and "all documents relating to those efforts, including any decision to discontinue those efforts." Zydus further objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination, at least with respect to "Defendants' efforts to develop," "the nature of those efforts," "the individuals involved in those efforts," "the outcome of those efforts," "all documents relating to those efforts," and "including any decision to discontinue those efforts." Zydus further objects to this Topic to the extent it seeks communications protected by the attorney-client privilege, work-product doctrine, the joint-defense or common-interest privileges, or any other applicable privileges or immunities. Zydus further objects to this Topic to the extent it seeks testimony that is unreasonably cumulative or duplicative and can be obtained from some other source that is more convenient, less burdensome, or less expensive. Zydus further objects to this Topic to the extent it is cumulative of information and documents that have already been provided to Plaintiffs.

**TOPIC NO. 26:**

Defendants' plans to market the Zydus's ANDA Product, including (1) Defendants' projection of the date on which Defendants will receive FDA approval for Zydus's ANDA Product; (2) when Defendants intend to commence marketing in relation to FDA approval; and (3) any manufacturing efforts taken by or on behalf of Defendants in preparation of commercial marketing.

**RESPONSE:** Zydus objects to this Topic as overbroad, unduly burdensome, and

seeking testimony that is neither relevant to any party's claims or defenses nor proportional to

the needs of the case, at least with respect to "Defendants' plans to market the Zydus's ANDA

Product," "including (1) Defendants' projection of the date on which Defendants will receive

FDA approval for Zydus's ANDA Product;" "(2) when Defendants intend to commence

marketing in relation to FDA approval;" and "(3) any manufacturing efforts taken by or on behalf

of Defendants in preparation of commercial marketing." Zydus further objects to this Topic as

vague, ambiguous, and failing to describe with reasonable particularity the matters for

examination, at least with respect to "Defendants' plans to market," "when Defendants intend to

commence marketing in relation to FDA approval," and "any manufacturing efforts." Zydus

further objects to this Topic to the extent it seeks communications protected by the attorney-

client privilege, work-product doctrine, the joint-defense or common-interest privileges, or any

other applicable privileges or immunities. Zydus further objects to this Topic to the extent it

seeks testimony that is unreasonably cumulative or duplicative and can be obtained from some

other source that is more convenient, less burdensome, or less expensive. Zydus further objects

to this Topic to the extent it is cumulative of information and documents that have already been

provided to Plaintiffs.

**TOPIC NO. 27:**

Defendants' preservation, custodianship, storage, and filing of documents and things responsive to any request for production served on Defendants in This Litigation, including: (i) any document retention, transfer or destruction policies; (ii) the destruction, storage, scanning or recycling of any documents or electronic storage devices by or on behalf of Defendants; and (iii)

any policies, practices or standard operating procedures regarding the storage or backup of electronic information.

**RESPONSE:** Zydus objects to this Topic as overbroad, unduly burdensome, and seeking testimony that is neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "Defendants' preservation, custodianship, storage, and filing of documents and things," "including: (i) any document retention, transfer or destruction policies;" "(ii) the destruction, storage, scanning or recycling of any documents or electronic storage devices by or on behalf of Defendants;" and "(iii) any policies, practices or standard operating procedures regarding the storage or backup of electronic information." Zydus further objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination, at least with respect to "Defendants' preservation, custodianship, storage, and filing," "any document retention, transfer or destruction policies," "any documents or electronic storage devices," and "any policies, practices or standard operating procedures." Zydus further objects to this Topic to the extent it seeks communications protected by the attorney-client privilege, work-product doctrine, the joint-defense or common-interest privileges, or any other applicable privileges or immunities.

**TOPIC NO. 28:**

The collection of documents responsive to Plaintiffs' requests for production.

**RESPONSE:** Zydus objects to this Topic as overbroad, unduly burdensome, and seeking testimony that is neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "[t]he collection of documents responsive to Plaintiffs' requests for production." Zydus further objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination, at least with respect to "collection of documents." Zydus further objects to this Topic to the extent it seeks

communications protected by the attorney-client privilege, work-product doctrine, the joint-defense or common-interest privileges, or any other applicable privileges or immunities. Zydus further objects to this Topic to the extent it seeks testimony that is unreasonably cumulative or duplicative and can be obtained from some other source that is more convenient, less burdensome, or less expensive. Zydus further objects to this Topic to the extent it is cumulative of information and documents that have already been provided to Plaintiffs.

**TOPIC NO. 29:**

The factual bases for Defendants' responses to Plaintiffs' interrogatories in This Litigation.

**RESPONSE:** Zydus objects to this Topic as overbroad, unduly burdensome, and seeking testimony that is neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "[t]he factual bases for Defendants' responses to Plaintiffs' interrogatories in This Litigation." Zydus further objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination, at least with respect to "[t]he factual bases." Zydus further objects to this Topic to the extent it seeks communications protected by the attorney-client privilege, work-product doctrine, the joint-defense or common-interest privileges, or any other applicable privileges or immunities. Zydus further objects to this Topic to the extent it seeks testimony that is unreasonably cumulative or duplicative and can be obtained from some other source that is more convenient, less burdensome, or less expensive. Zydus further objects to this Topic to the extent it is cumulative of information and documents that have already been provided to Plaintiffs.

**TOPIC NO. 30:**

Non-privileged communications between Defendants and third parties relating to This Litigation.

**RESPONSE:** Zydus objects to this Topic as overbroad, unduly burdensome, and seeking testimony that is neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "[n]on-privileged communications between Defendants and third parties relating to This Litigation." Zydus further objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination, at least with respect to "between Defendants and third parties" and "relating to This Litigation." Zydus further objects to this Topic to the extent it seeks communications protected by the attorney-client privilege, work-product doctrine, the joint-defense or common-interest privileges, or any other applicable privileges or immunities. Zydus further objects to this Topic to the extent it seeks testimony that is unreasonably cumulative or duplicative and can be obtained from some other source that is more convenient, less burdensome, or less expensive. Zydus further objects to this Topic to the extent it is cumulative of information and documents that have already been provided to Plaintiffs.

**TOPIC NO. 31:**

The identity and location of employees, contractors, subcontractors, or agents of Defendants most knowledgeable about each of the foregoing topics.

**RESPONSE:** Zydus objects to this Topic as overbroad, unduly burdensome, and seeking testimony that is neither relevant to any party's claims or defenses nor proportional to the needs of the case, at least with respect to "[t]he identity and location of employees, contractors, subcontractors, or agents of Defendants most knowledgeable about each of the foregoing topics." Zydus further objects to this Topic as vague, ambiguous, and failing to describe with reasonable particularity the matters for examination, at least with respect to "most knowledgeable about each of the foregoing topics." Zydus further objects to this Topic to the extent it seeks communications protected by the attorney-client privilege, work-product doctrine,

34

the joint-defense or common-interest privileges, or any other applicable privileges or immunities. Zydus further objects to this Topic to the extent it seeks testimony that is unreasonably cumulative or duplicative and can be obtained from some other source that is more convenient, less burdensome, or less expensive.  Zydus further objects to this Topic to the extent it is cumulative of information and documents that have already been provided to Plaintiffs.

Dated: June 17, 2025

By:  *s/ Theodora McCormick*
Theodora McCormick
Lauren B. Cooper
Alec Wong
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
4365 Route 1 South
Suite 301
Princeton, New Jersey 08540
Telephone: (609) 490-4860

*Of Counsel*:
Michael J. Gaertner (admitted *pro hac vice*)
James T. Peterka (admitted *pro hac vice*)
Emily L. Savas (admitted *pro hac vice*)
Timothy F. Peterson (admitted *pro hac vice*)
Jacob C. Britz (admitted *pro hac vice*)
**BUCHANAN INGERSOLL & ROONEY PC**
150 N. Riverside Plaza
Suite 2800
Chicago, IL 60606
Telephone: (312) 261-8777
michael.gaertner@bipc.com
james.peterka@bipc.com
emily.savas@bipc.com
tim.peterson@bipc.com
jacob.britz@bipc.com
*Attorneys for Zydus Lifesciences Ltd., and Zydus Pharmaceuticals (USA) Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2025, I caused a true and correct copy of the foregoing document to be served via electronic mail on plaintiffs' counsel in this matter.

Dated: June 17, 2025

By:  s/ *Theodora McCormick*
Theodora McCormick